## No. 10,408.

## JOHNSON *v.* SANCHEZ.

### Decided January 8, 1923.

Action for labor performed. Judgment for plaintiff.

### *Affirmed.*

### On Application for Supersedeas.

1. APPEAL AND ERROR—*Fact Findings.* Findings of the trial court supported by competent evidence, will not be disturbed on review.

2. CONTRACT—*Defense—Statute of Frauds.* In an action for labor performed under contract, it is contended by defendant that she is charged as a guarantor of a contract between other parties; that the guaranty not being in writing is void under the statute of frauds, and she is therefore not liable. It appearing that the court determined as a matter of fact that she was a party to the contract upon which the suit was brought, the contention is overruled.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. J. PAUL HILL, for plaintiff in error.

Messrs. CARLSON & ERICKSON, for defendant in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action against Peter Lehl and Mrs. D. T. Johnson, for work and labor performed for them by plaintiff Sanchez in "pulling and topping sugar beets" which the defendants were growing on land, 14 acres of which were owned by Lehl and 35 acres by Mrs. Johnson.

The complaint alleges that the contract between the parties was made about October 1, 1921. The defendant, Mrs. Johnson denied the allegations of the complaint; Peter Lehl not making any defense below or here. There was a so-called affirmative defense in Mrs. Johnson's answer, alleging that on May 13, 1921, the plaintiff and the defendant Lehl entered into a written contract for pulling and topping beets, and about September 15, 1921, they requested her to guarantee payment to plaintiff for the work contemplated by the written contract, but she refused to comply with this request and, when demand was subsequently made upon her by the plaintiff for the payment for the work, she refused, and still refuses, to pay for it. Another and a similar defense was that the agreement, if any, between the plaintiff and the defendant Johnson was not reduced to writing, and no written note or memorandum thereof was made or subscribed by her, and that the agreement alleged by the plaintiff in his complaint, insofar as it affects her, is a collateral promise and agreement on her part, and void under Rev. Stat. 1908, section 2666 of our Statute of Frauds as being a prohibitive oral agreement to answer for the debt, default or miscarriage of her co-defendant Lehl.

By agreement the case was tried to the court without a jury, and, upon the issues joined, findings of fact generally were made for the plaintiff against both defendants and a judgment for $340.00 was rendered against them, which Mrs. Johnson alone asks to have reviewed.

It will be observed that the contract sued upon, and

which is alleged to have been made about October 1, 1921, with both these defendants, and under which, as plaintiff claims, the work was done, is an entirely different contract from that which the defendant Mrs. Johnson sets up in her answer, as the one which the plaintiff made with the defendant Lehl, and under which, as she claims, the work in question was done. The plaintiff says, in which he is corroborated by several witnesses, that, after he made the contract with the defendant Lehl, he became satisfied that Lehl would not pay him if he should do the work contemplated by the contract, and therefore he declined to perform.

From his place of residence in town the plaintiff, October 1st, telephoned to the defendant Lehl—who it seems was living with Mrs. Johnson, or near Mrs. Johnson upon this land—but was unable to get Lehl on the telephone, but Mrs. Johnson answered the telephone and requested the plaintiff to come to her premises on the following day as she wished to talk with him about the pulling and topping of the beets. In response to this request the next day the plaintiff went to Mrs. Johnson's premises and first saw Lehl, and Lehl asked him to go with him to see Mrs. Johnson as the greater acreage of the premises belonged to her and she wanted to make arrangements with the plaintiff for doing the work. When these three parties met there was some conversation which, as testified to by the plaintiff, and corroborated as above stated by other witnesses, was that Mrs. Johnson and Lehl then and there requested the plaintiff to do this work, which he had declined to do under his May contract with Lehl, and that they both promised him orally that they would pay him for pulling and topping the beets at the rate which was specified in the earlier, abandoned written contract mentioned, which was $10.00 per acre. The defendant, Mrs. Johnson, denies the making of the contract in October as testified to by the plaintiff in which she is corroborated, to a certain extent by her Mother. The defendant Lehl was not called as a witness.

The court was justified under the evidence produced by the plaintiff, if it believed the same to be true, to render the judgment in his favor. Indeed, counsel for Mrs. Johnson has not attempted to question the findings of fact but relies for reversal upon the defense that the alleged contract which the plaintiff had with her and Lehl, so far as the same affects her rights, is void on the ground that it was a collateral promise to answer for the debts of a third person. We are not called upon to examine or consider the authorities which are cited in support of this contention. The plaintiff does not sue upon a guaranty by defendant of this written contract that he entered into with the defendant Lehl alone, and which is set forth by Mrs. Johnson in her answer. It is clear, from the testimony, that he intended to, and did, abandon any rights that he might have had thereunder. The plaintiff relies, not upon that written contract, or the guarantee thereof by Mrs. Johnson, but upon the oral promise which was made to him later in the year and about the 1st of October by the two defendants jointly, and that in pursuance of this oral promise, he performed the work thereunder, for which neither of the defendants has paid, or offered to pay, either in whole or in part.

The defense of the statute of frauds has no application to the ascertained facts. The trial court heard the various witnesses testify and its findings, on the evidence, in plaintiff's favor are based on competent legal evidence. Plaintiff distinctly testifies to the fact that the oral contract upon which he sues was made after he became satisfied that the defendant Lehl would not be able to pay for any work which plaintiff might perform under the May contract, and he abandoned his rights under the earlier contract and did the work in question under the joint contract made by him in October with the two defendants. The findings of the district court should not be set aside. The application for *supersedeas* is denied, and the judgment affirmed.

MR. JUSTICE TELLER sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BURKE concur.